The **PARADIGM INSURANCE COMPANY, an Indiana corporation, Plaintiff,**

v.

Allen **CARTER, as Personal Representative of the Estate of Estate of Sandra Carter, and on behalf of Allen Carter, as surviving husband of Sandra Carter, and Kayla L. Carter, as surviving minor child of Sandra Carter; Lakeland Re-**gional **Medical Center, Inc., a Florida corporation; Cooper Emergency Services, P.A., a Florida professional association; Synergon, a division of Spectrum Emergency Care, Inc., a Missouri corporation; Bartow Memorial Hospital, Inc., a Florida corporation; Martha Pilapil, M.D., Jose L. Marichal, M.D., and Joseph H. Mansy, M.D., Defendants.**

No. 96–403–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Nov. 5, 1996.

Don Harrison Lester, Lester & Mitchell, P.A., Jacksonville, FL, for The Paradigm Insurance Company.

Lawrence J. Block, Jr., Searcy, Denney, Scarola, Barnhart & Shipley, West Palm

Beach, FL, for Allen Carter, Kayla L. Carter.

Ralph Artigliere, Anderson & Artigliere, P.A., Lakeland, FL, for Cooper Emergency Services, P.A., Synergon, Lakeland Regional Medical Center, Inc., and Jose L. Marichal, M.D.

Gregory F. Reis, Adams, Hill, Reis, Adams, Hall, & Schieffelin, Orlando, FL, for Bartow Memorial Hospital, Inc.

Donald J. Schutz, Schutz & Schutz, St. Petersburg, FL, Martha Pilapil, M.D.

Roland J. Lamb, Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, FL, for Joseph M. Mansy, M.D.

### ORDER ON MOTION TO DISMISS BASED ON ABSTENTION

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant Allen Carter's Motion to Dismiss (Dkt. 21), and Plaintiff's response (Dkt. 23).

Paradigm is an insurance company incorporated in the State of Indiana with its principal place of business located in Louisville, Kentucky. Paradigm is not an authorized insurer in the state of Florida. Paradigm is an eligible surplus lines insurer pursuant to Florida Statutes § 626.913. As a surplus carrier, Paradigm is not required to obtain Florida Department of Insurance approval of the form or content of its insurance policies.

### HISTORY

In or about April, 1993, Paradigm issued a professional liability insurance policy (the "Policy") to Defendant Martha Pilapil, M.D. ("Pilapil"). In or about January, 1994, the Defendant Carter instituted a medical malpractice action against Pilapil (the "underlying action"), among others.

Paradigm undertook the defense of Pilapil, and, ultimately, tendered the remaining Policy limits to Carter. When Carter refused to accept the tender, Paradigm moved for limited intervention in the underlying action for the sole purpose of having the court consider Paradigm's concomitant motion to deposit the remaining Policy limits in the registry of the court.

At the hearing on the motion to deposit, no party, including Carter, raised any objection to the relief sought. Accordingly, the state court entered an order granting Paradigm's motion. After Paradigm deposited the remaining Policy limits into the registry of the court, counsel representing Pilapil in the underlying action moved the state court for entry of an order permitting disbursement from the registry of the court for payment of Pilapil's unpaid attorney's fees then outstanding. No party, including Carter, objected to the relief sought, and the state court granted the motion for disbursement.

Subsequently, counsel for Pilapil filed another routine motion for disbursement from the registry of the court for payment of attorneys fees. At the hearing on this motion, Carter objected to disbursement, arguing for the first time, that Paradigm's policy was an "illegal policy." Paradigm then instituted this action for declaratory relief.

### STANDARD OF REVIEW

In reviewing a motion to dismiss, the court is required to view the complaint in the light most favorable to the plaintiff and accept all allegations of the claim as true. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572 (M.D.Fla.1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Such a motion should be granted only where the complaining party can prove no set of facts upon which relief could be granted. *National Organization for Women v. Scheidler*, 510 U.S. 249, 255–56, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 71–73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

### ARGUMENT

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the United States brought a declaratory action requesting a determination of its rights to certain waterways located in a state water division. However, the defendants claimed that because this was a state issue, the court should

abstain from making a decision and give deference to the state.

The Court in *Colorado River* outlined the three general categories where the application of the doctrine of abstention is appropriate. The first category occurs " 'in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law.' " *Colorado River*, 424 U.S. 800 at 814, 96 S.Ct. 1236 at 1244 (citing *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1062–63, 3 L.Ed.2d 1163 (1959). The second category arises when federal courts "have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result of the case then at bar." *Id.*, (citing *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959)). The crux of the second category is that the exercise of federal jurisdiction would disrupt states' attempts to "establish a coherent policy with respect to a matter of substantial public concern." *Id.* The final category where abstention is appropriate occurs when "absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings. . . ." *Id.* at 816, 96 S.Ct. at 1245.

In this case, Plaintiff brought an action requesting a determination by this Court of the validity of a "wasting provision" clause in a contract to insure a Florida physician for medical malpractice. The result of such a provision is to reduce the amount of damages an injured person may recover with the accumulation of defense fees and costs. Because in 1985, the Florida Legislature passed Chapter 458.320, *Florida Statutes*, which requires that a physician obtain minimum levels of insurance for malpractice purposes in order to be licensed to practice in Florida, the amount of coverage a physician maintains to protect victims of medical negligence is a matter of substantial public importance and a matter of state policy. In this case, the company subtracted $50,000 from the $250,000 limit for legal fees and costs. If taken to the extreme, this provision could prohibit injured parties from recovering for their injuries and stray from the intent of the Florida legislature, which intended for minimum financial responsibility requirements to protect medical negligence victims.

The result of this decision would bear heavily upon public policy and substantially effect state administrative law. Keeping professional liability insurance at a particular level to ensure that injury victims are compensated is of great public importance in the State of Florida. The business of regulating insurance is so important that Congress ordered states to control the regulation of insurance. 15 U.S.C.A. §§ 1011, 1012 (West 1994).

This present issue falls within the second category outlined in *Colorado River*. No Florida appellate decisions exist on the question of whether a wasting provision is valid on a $250,000 policy limit in a medical negligence policy. The *Colorado River* Court stated that when a matter before a federal court could have substantial consequences on state policy or the state residents, public policy mandates a federal court abstain from exercising jurisdiction on that issue. A federal decision on this issue would disrupt state insurance regulation and confuse the rights of physicians and patients in the State of Florida.

Additionally, the Court stated in *Burford v. Sun Oil Company*, 319 U.S. 315, 318, 63 S.Ct. 1098, 1099–1100, 87 L.Ed. 1424 (1943), when a case in Federal Court presents a federal question better suited for determination by administrative bodies or state courts, that court should abstain from exercising jurisdiction and dismiss the action. In *Burford*, the Supreme Court was petitioned to determine the validity of proration orders concerning oil fields in Texas. Previously, several oil companies objected when a Texas administrative agency awarded a permit allowing Burford to build several oil wells. The Court stated that the avoidance of useless friction with state policies is a great public interest and, consequently, held that the Court should abstain from exercising jurisdiction over cases which involved intricacies of state law where federal determination may be prejudicial to that state's public interest.

*CONCLUSION*

Any federal decision deciding whether a wasting provision is valid would disrupt any administrative proposals by Florida's legislative bodies. Because the determination of whether a wasting provision bears heavily on state regulatory powers, this Court will grant the Motion to Dismiss on the basis of abstention. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss based on abstention (Docket No. 21) be **granted** and the Clerk of Court be **directed** to enter judgment for Defendant pursuant to this order.